UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MITCHELL NELSON,

        Plaintiff,

    v.

BOEING INC., *et al.*

        Defendants.

CASE NO. C18-251RSM

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

This matter is before the Court on Plaintiff's Motion Seeking Leave from the Honorable Court to File First Amended Complaint. Dkt. #18. Defendants oppose Plaintiff's Motion. Dkt. #19. Having considered the briefing and the record herein, and for the reasons set forth below, the Court denies Plaintiff's Motion.

Plaintiff initiated this action on February 16, 2018. Dkt. #1. Defendants answered on May 23, 2018. Dkt. #6. On July 25, 2018, Plaintiff filed an amended complaint (Dkt. #16) that the Court struck as untimely. Dkt. #17. In striking Plaintiff's amended complaint, the Court informed Plaintiff of the need to seek leave from the Court at this point in the case. *Id.*

Plaintiff filed this Motion seeking leave to amend his Complaint for the sole purpose of seeking a jury trial. Dkt. #18 at 1 (indicating the "sole material change is the addition of Plaintiff's Jury Demand"). But filing an amended complaint does not revive a right to a trial by jury that was previously waived. *See Lutz v. Glendale Union High School*, 403 F.3d 1061 (9th

ORDER – 1

Cir. 2005) (amended complaint filed eleven months after answer "did not revive [jury trial] right as to the issues that [plaintiff] had raised in her original complaint"); *see also* Dkt. #19 at 2–4 (compiling numerous cases in support). For the issues raised in his Complaint, Plaintiff did not make a general or a specific jury demand.[1] Dkt. #1. Filing an amended complaint is not the proper procedure to revive a waived right to a jury trial. To the extent Plaintiff's Motion seeks leave to amend his Complaint under Rule 15(a) to add a jury demand, the Motion is denied.

Plaintiff's Motion may be better considered as a motion for a jury trial pursuant to Federal Rule of Civil Procedure 39(b).[2] That rule provides that, even after the right to a jury trial has been waived under Rule 38(d), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). While Plaintiff's Motion does not invoke Rule 39(b), Defendants clearly understood it to seek a jury trial and some courts excuse the failure to bring a formal motion. *See* 9 FED. PRAC. & PROC. CIV. § 2334 (compiling cases in support, *e.g.*, *FDIC v. Palermo*, 815 F.2d 1329, 1333–34 (10th Cir. 1987) (holding that a jury trial demand in a pretrial memorandum was sufficient because it brought the issue "to the attention of the court and the other parties")). Nevertheless, to the extent Plaintiff's Motion seeks an order for a jury trial under Rule 39(b), the Motion should be, and is, denied.

---

[1] Plaintiff's pro se status does not excuse his failure to timely demand a jury trial. *See, e.g.*, *Lake v. McDaniel*, No. 03-cv-550LRH V., 2006 WL 980823 at *2 (D. Nev. April 10, 2006) (rejecting argument that pro se plaintiff should not be held to the same standard for demanding a jury trial and noting that while pro se pleadings are construed liberally, pro se litigants "are still required to follow the same rules of procedure that govern other litigants") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

[2] The Court recognizes that Plaintiff did not invoke Rule 39(b) in his Motion. However, Defendants astutely addressed Rule 39(b) in its opposition—if only in a footnote. Dkt. #19 at 5 n.1. Plaintiff's reply relies primarily upon Rule 39(b). Dkt. #20. Even on this limited record, the issue is appropriately resolved by the Court.

ORDER – 2

Plaintiff argues, relying on the 7th Amendment of the U.S. Constitution and Rule 39(b), that Defendants have not claimed prejudice, that Plaintiff did not know he could inadvertently waive his constitutional right to a jury trial,[3] and that the Court should exercise its discretion to order a jury trial here. Dkt. #20. But, Plaintiff's arguments, as noted by Defendants, are directly precluded by Ninth Circuit precedent which this Court follows.

> In *Pacific Fisheries*, we held that the district court's discretion under Rule 39(b) is narrow and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence" such as a good faith mistake of law with respect to the deadline for demanding a jury trial. 239 F.3d at 1002–03. Zivkovic argues that his untimely demand for a jury trial should be excused because he filed his complaint *pro se* and was unaware of the requirements of Rule 38(b). However, Zivkovic's good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand. *See id.; see also Kulas v. Flores,* 255 F.3d 780, 784 (9th Cir. 2001) (holding that a pro se plaintiff waived any right to a jury trial by failing to file a timely demand as required by Fed. R. Civ. P. 38(b)).

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086–87 (9th Cir. 2002). To the extent the Court maintains discretion, Plaintiff does not provide a compelling reason for the Court to deviate from the approach taken by prior courts.

Accordingly, having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion Seeking Leave from the Honorable Court to File First Amended Complaint (Dkt. #18) is DENIED.

DATED this 28 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See e.g., United States v. Missouri River Breaks Hunt Club*, 641 F.2d 689, 692 (9th Cir. 1981) ("The right to jury trial, although protected by constitutional guarantees, is not absolute; it may be waived if a timely demand is not made.").

ORDER – 3